IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: Erika Latrice Holmes                           BANKRUPTCY NO. 12-03496-EE

---

Capital Furniture Company, Inc.                                           Plaintiff

vs.                                                    ADVERSARY NO. _____

Erika Latrice Holmes                                                     Defendant

### COMPLAINT TO DETERMINE THE
### DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. § 523

**COMES NOW** Capital Furniture Company, Inc. ("Capital Furniture") and files this complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523 and, in support thereof, would show unto the Court the following:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105 and 523. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (I).

2. On November 2, 2012, Erika Latrice Holmes ("Debtor") filed a petition for bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code. James L. Henley was the duly appointed, qualified and acting trustee in this case. On August 11, 2014 Debtor filed a Motion to Convert Case to Chapter 7 (Docket No. 51). On August 12, 2014 an Agreed Order was entered converting Debtor's Case to a Chapter 7. Derek A. Henderson is the duly appointed, qualified and acting trustee in this case.

3. Debtor is indebted to Capital Furniture under a Retail Installment Contract and Security Agreement dated September 17, 2011 for the purchase of furniture ("the Agreement"). A copy of the Agreement is attached as Exhibit "A." As of the filing date the net payoff due from Debtor to Capital Furniture pursuant to the Agreement was $2,205.49, plus costs and attorney's fees, interest at rate provided in the Agreement, and other allowable costs. As of the date of the

conversion of the bankruptcy to Chapter 7 the net payoff due from Debtor to Capital Furniture pursuant to the Agreement was $1,768.44, plus costs and attorney's fees, interest at rate provided in the Agreement, and other allowable costs.

4.     Debtor originally filed bankruptcy over two years ago. Creditors have been led on an extended journey in seeking payment for their claims. Following Debtor's conversion of her bankruptcy to a Chapter 7, Debtor was offered an reaffirmation agreement. That reaffirmation agreement has not been returned by Debtor.

5.     Debtor defaulted on the second installment due to Capital Furniture pursuant to the Agreement. Debtor purchased the furniture on credit from Capital Furniture with no intention of repaying the indebtedness and/or with the knowledge that she lacked the ability to repay and with knowledge of her poor financial condition at the time the loan was made. Debtor purchased the furniture on credit with the intent to deceive Capital Furniture. If Debtor had fully disclosed all of her intentions and financial condition, Capital Furniture would not have sold the furniture on credit to Debtor.

6.     Debtor's conduct in connection with her loan from Capital Furniture renders her indebtedness to Capital Furniture nondischargeable under 11 U.S.C. § 523(a)(2)(A) and/or (B).

**WHEREFORE, PREMISES CONSIDERED**, Capital Furniture Company, Inc. requests this Court to enter its Judgment determining Erika Latrice Holmes' indebtedness to Capital Furniture, including all attorney's fees and costs incurred in this action, to be nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and/or (B). Capital Furniture requests such other relief as is necessary under the circumstances.

**DATED:** March 6, 2015.

                                                                                      Respectfully submitted,

                                                                                      **Capital Furniture Company, Inc.**

                                                      BY:    _____
                                                                               Stacey Moore Buchanan
                                                                               Its Attorney

John S. Simpson, MSB No. 8525
Stacey Moore Buchanan, MSB No. 103882
Simpson Law Firm, P. A.
Attorneys for Capital Furniture Company, Inc.
P.O. Box 1410
Ridgeland, MS 39158-1410
(601) 957-6600
sbuchanan@simpsonlawfirm.net

3